CITY OF HUBER HEIGHTS, APPELLEE, *v.* DUTY, APPELLANT.

(No. CA 9105 — Decided July 17, 1985.)

*Richard N. Gaudet,* city attorney, for appellee.

*Thomas A. Hansen,* for appellant.

WOLFF, J. Defendant, Billy J. Duty, appeals from his convictions of driving under the influence and reckless operation.

We learn from defendant's brief that he entered *guilty* pleas to driving under the influence and reckless operation on September 27, 1984, and that four companion traffic charges were dropped. There is nothing in the record before us to indicate that defendant made any other pleas on September 27. At the time he entered pleas of guilty, defendant was represented by counsel.

Defendant was fined, sentenced to ten days' incarceration, and received a one-year license suspension.

The trial court suspended execution of sentence to permit appeal.

Appellant assigns as error the trial court's failure "to suppress the arrest for lack of probable cause," and "not suppressing all the evidence due to defendant not being advised of his constitutional rights and not being allowed the assistance of counsel" when first arrested.

We do not reach the merits of these assignments because appellant's pleas of guilty operate as a waiver of these claimed errors. Pleas of no contest would have preserved these claimed errors for appellate review. Crim. R. 12(H).

As the Supreme Court stated in *Menna* v. *New York* (1975), 423 U.S. 61, at 62-63, fn. 2:

"* * * a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. * * *" (Emphasis deleted.)

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and KERNS, J., concur.