[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Jeffrey Henry appeals from his conviction in the Montgomery County Common Pleas Court of two counts of possessing criminal tools, one count of receiving stolen property, and one count of drug abuse pursuant to his guilty pleas.
Although Henry's court appointed appellate counsel could find no arguable merit in the appeal, appellant raises two assignments of error. In the first assignment, Henry contends the trial court erred in denying his pretrial motion to suppress evidence obtained against him through the execution of a search warrant.
The State appropriately notes that a defendant who enters a voluntary guilty plea while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings. Ross v. Court (1972), 30 Ohio St.2d 323. See also,Huber Heights v. Duty (1985), 27 Ohio App.3d 244. Accordingly, the first assignment of error is overruled.
In his second assignment of error, Henry contends the trial judge erred in not sentencing him under the new provisions of Senate Bill 2. He also contends the trial court abused its discretion in imposing the maximum term for his drug abuse conviction and in failing to find that he was drug dependent.
The offenses occurred in 1994 and 1995. The defendant was sentenced in January 1997. Senate Bill 2 became effective July 1, 1996. Its sentencing provisions are not applicable to offenses committed before the effective date of Senate Bill 2. This court has ruled on a number of occasions that the provisions of S.B. 2 are not retroactive. State v. Robinson (June 27, 1997) Montgomery App. CA 16173, unreported; State v. Young (April 24, 1997) Greene App. CA 97-CA-108, unreported.
The appellant contends the trial court abused its discretion in sentencing him to a eighteen month sentence for possessing only .05 grams of cocaine. The cocaine was recovered in the execution of the search warrant. Although the appellant contends the amount was only .05 grams, the record fails to portray the amount of cocaine recovered by the police. In any event the eighteen month sentence was a concurrent one to be served with another eighteen month sentence for possession of criminal tools. The sentence was also within statutory limits. We see no abuse of discretion in the trial court's imposition of this sentence. See, Toledo v.Reasonover (1965), 5 Ohio St.2d 22.
Appellant also contends the trial court erred in not granting his motion for conditional probation because he was drug dependent. In denying the motion the trial court noted that appellant was ineligible because he was a repeat offender and he had failed "in a prior probation supervision opportunity." (Tr. 2). Appellant's trial counsel did not take exception to the trial court's finding. R.C. 2951.041 provides that an offender who requests treatment in lieu of conviction under R.C. 2951.04(A) is eligible for that treatment if the court finds that he is not a repeat offender. See, R.C. 2951.041(B)(4). The appellant has failed to portray how the trial court erred in finding him ineligible for treatment in lieu of conviction. The trial court did not order a presentence investigation. We must presume the court was presented with evidence of appellant's prior criminal record which made him ineligible as a "repeat offender." The appellant's second assignment of error is likewise overruled.
On March 13, 1998 the appellant requested that we permit him to amend his appellate brief. On April 16, 1998 he filed the amended brief. Although we grant appellant's motion to file a supplemental brief, we find no merit to his additional assignments.
In a revised second assignment of error, appellant again argues he should have been sentenced under S.B. 2. We have previously held that R.C. 1.58(B) has no application to appellant because of the explicit provisions of S.B. 2. We do not find S.B. 2 to be unconstitutional as an attempt to amend R.C. 1.58(B) without following the requirements of Article II, Section 15(D) of the Ohio Constitution. R.C. 1.58 is not "amended." The legislature simply provides that R.C. 1.58 is not to be applied under the terms specified in S.B. 2.
In his amended third assignment, appellant contends his trial counsel provided him ineffective assistance of counsel. The appellate record fails to support appellant's contentions. This assignment of error is overruled.
The judgment of the trial court is Affirmed.
YOUNG, P.J., and FAIN, J., concur.
Copies mailed to:
Steven J. Ring
Jeffrey S. Henry
Hon. Barbara P. Gorman