[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant, Cameron D. Hawkins, appeals from his convictions for Aggravated Robbery, Attempted Murder, Having Weapons Under Disability, Receiving Stolen Property, and Possession of Criminal Tools. The convictions were entered on Hawkins' pleas of guilty to each charge. The court sentenced Hawkins to serve consecutive sentences of up to eight years on the five offenses. The court also sentenced Hawkins to serve three years on a firearm specification attached to two of the offenses and to serve two years on repeat violent offender specifications likewise attached, consecutive to each other and to the concurrent sentences.
Hawkins filed a timely notice of appeal. The matter is now before us on review of seven errors that Hawkins has assigned.
 FIRST ASSIGNMENT OF ERROR THE DEFENDANT-APPELLANT'S GUILTY PLEA WAS INVOLUNTARILY, UNKNOWINGLY, AND UNINTELLIGENTLY MADE IN VIOLATION OF CRIMINAL RULE 11(C)(2)(a) (F), THUS VIOLATING THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE STATE OF OHIO CONSTITUTION.
Because Hawkins' convictions and sentences were entered on his pleas of guilty, any error therein which relates to guilt or innocence is waived, so long as the guilty pleas were knowingly and voluntarily made. Huber Heights v. Duty (1985), 27 Ohio App.3d 244. That requirement is satisfied when the plea that was entered complies with the provisions of Crim.R. 11(C). State v.Ballard (1981), 66 Ohio St.2d 473.
Crim.R. 11(C)(2)(a) provides that the court may not accept a plea of guilty or no contest "without first addressing the defendant personally and . . . [d]etermining that the defendant is making the plea . . . with [an] understanding . . . of the maximum penalty involved." Hawkins argues that his guilty pleas were not entered with that understanding because the court failed to inform him, or misinformed him, concerning the sentences of incarceration that it was mandated by law to impose.
Hawkins was sentenced to a total of thirteen years incarceration, of which seven was mandated by several provisions of the Revised Code. Hawkins points to the Petition To EnterGuilty Plea which he signed. As it was made up, the petition states that the maximum possible terms to which he could be sentenced "is 46 yrs of imprisonment, of which 3 years is mandatory time of which there is no possibility of judicial release." However, the three mandatory years there indicated was revised to indicate, by footnote, that "up to 23 years may be mandatory." Defendant's initials appear directly beside the footnote. Further, the transcript of the plea proceeding indicates that when the misstatement was discovered and the change was made the court explained the change and the reasons for it to Hawkins, who stated that he understood. (T. 7). Thus, the error alleged is not demonstrated by the record.
Hawkins also complains that he was not informed that repeat offender specifications attached to his offenses would require the court to sentence him to a mandatory term of two years in addition to one three year term on firearm specifications. We believe that this matter, to the extent that it had some effect on Hawkins' understanding of the maximum possible sentences for his offenses, was encompassed in the twenty-three years possible maximum mandatory sentence that the court explained to Hawkins.
Hawkins also argues that his counsel was constitutionally ineffective for failing to make a specific sentencing recommendation at the sentencing hearing of January 14, 1998, which counsel had indicated during the plea proceeding of November 14, 1997 that he would do. The transcript of the sentencing proceeding reveals that no such recommendation was made by defense counsel. However, counsel made a presentation indicating the Defendant's remorse and he offered the testimony of Defendant's father on the unfortunate causes of Defendant's misconduct. We cannot say that counsel's failure to make the proposed sentencing recommendation in opposition to the State's recommendation operated to Hawkins' prejudice, which must exist in order to find ineffective assistance of counsel per Strickland v. Washington
(1984), 466 U.S. 668.
Hawkins also argues that his plea to these offenses was not knowingly made because the court never informed him that he would not receive credit for the time he was held in jail after his arrest, to which he was otherwise entitled by R.C. 2967.191, because he was then also being held on a probation revocation charge. R.C. 2967.191, which requires such credit, pertains only to confinement "arising out of the offense for which the prisoner was convicted and sentenced." Id. Therefore, a concurrent probation detainer would deny Hawkins the benefit of the R.C.2967.191 credit. State v. Martin (1978), 56 Ohio St.2d 207.
Hawkins implies that no probation detainer existed because he was not served with notice of it and no hearing was held concerning it. However, Hawkins expressly waived his right to a probation revocation hearing. Petition To Enter A Plea of Guilty, paragraph 19; T. 11/14/97, at p. 4. The waiver relieved the State of any obligation to serve him with notice of the detainer.
Hawkins also argues that his pleas were involuntary because he was never arraigned on the Possession of Criminal Tools charge to which he entered a guilty plea, or on the firearm and repeat offender specifications attached to two other charges. However, Hawkins submitted to the court's jurisdiction when he entered pleas of guilty to those charges, which operates to waive any error in the respect alleged. State v. Sunnycalb (November 20, 1995), Butler App. No. 95-04-059, unreported.
Hawkins also argues that he necessarily entered pleas to allied offenses of similar import in respect to the two offenses which carried a firearm specification because those specifications were "merged" for purposes of sentencing. Such merger is required by R.C. 2929.14(D)(1) (a)(i) when the underlying offenses arise out of the same transaction. That is not the test for merging offenses as allied offenses of similar import pursuant to R.C.2941.25, which looks instead to whether the same conduct constitutes two or more offenses. A single "transaction" may involve multiple "conducts."
Hawkins also argues that his convictions for Aggravated Robbery and Attempted Murder should have been merged pursuant to R.C. 2941.25 because they are allied offenses of similar import. The Supreme Court has determined that those offenses are not allied offenses of similar import. State v. Bickerstaff (1984),10 Ohio St.3d 62.
Finally, Hawkins argues that the trial court erred when in its sentencing entry it expressed the total of the years of incarceration imposed on Hawkins as fifteen rather than thirteen. We agree with the State that any such subsequent error could not make Hawkins' pleas unknowing. Nevertheless, Hawkins is correct that the eight years consecutive sentences plus the mandatory definite sentences of three years and two years, respectively, on the firearm and prior offense specifications yields a total of thirteen years, not the total of fifteen expressed in the trial court's sentencing entry. The error is noted as plain error. Crim.R. 52(B). The sentencing entry will be modified to reflect the correct number of years which Hawkins was sentenced to serve.
The first assignment of error is sustained in part, and overruled, in part.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED "PLAIN ERROR" PURSUANT TO CRIMINAL RULE 52(B) IN FAILING TO COMPLY WITH CRIMINAL RULE 5(A) AT THE INITIAL APPEARANCE BY ELICITING SELF-INCRIMINATING STATEMENTS FROM THE DEFENDANT-APPELLANT, WITHOUT THE PRESENCE OR WAIVER OF COUNSEL, IN VIOLATION OF THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION.
Hawkins argues that the trial court failed to comply with Crim.R. 5(A)(3) at his arraignment because the court did not advise him "[t]hat he need make no statement and any statement made may be used against him." Id. Any error in that regard could only prejudice Hawkins with respect to the issue of his guilt or innocence, and such error was waived by his pleas of guilty. Huber Heights v. Duty, supra.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION TEN OF THE STATE OF OHIO CONSTITUTION.
In order to demonstrate an ineffective assistance of counsel claim, a defendant must demonstrate that some particular defect in his counsel's performance operated to the defendant's prejudice.Strickland v. Washington, supra. State v. Bradley (1989), 42 Ohio St.3d 136. When a defendant has entered a guilty plea, such prejudice can relate only to the knowing and voluntary nature of that plea.
Hawkins complains of counsel's performance at and after arraignment, counsel's failure to appeal the denial of his motion to suppress evidence, his failure to investigate evidence or hire an investigator, his failure to request a bill of particulars, and his failure to make a sentencing recommendation as he had promised. Except for the last, any error was waived by Hawkins' guilty pleas. As we noted in response to the third assignment of error, counsel's failure to make the promised sentencing recommendation did not prejudice Hawkins to an extent that an ineffective assistance of counsel claim requires, which is to show that but for the error a different outcome would likely have resulted. Id.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE APPELLANT WAS DENIED HIS STATUTORY AND CONSTITUTIONAL RIGHT TO A "SPEEDY TRIAL" IN VIOLATION OF R.C. 2945.71(C)(2), THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION TEN OF THE OHIO CONSTITUTION.
Because a plea of guilty waives the defendant's right to trial, it necessarily also waives any claim that the defendant was denied his statutory and constitutional rights to a speedy trial.Clark v. Maxwell (1964), 177 Ohio St. 49.
The fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT WAS WITHOUT JURISDICTION TO PROCEED TO TRIAL OR TO CONVICT THE APPELLANT IN THIS CRIMINAL CASE WITHOUT A JURY TRIAL WAIVER FORM FILED IN THE TRIAL COURT PURSUANT TO OHIO REVISED CODE SECTION 2945.05.
The waiver of a jury concerned in R.C. 2945.05 applies when a trial is conducted to the court. Absent a trial, which Hawkins waived, the requirement does not apply.
The fifth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, PURSUANT TO CRIMINAL RULE 52(B), VIOLATING THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL, IN VIOLATION OF ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Hawkins complains that the trial court erred when it overruled his motion to suppress evidence because his identification by the State's witnesses at the hearing on the motion was both conflicting and the product of an unduly suggestive "show up" after his arrest. These issues relate to guilt or innocence, and any error therein was waived by Hawkins' guilty pleas. Huber Heights v. Duty, Supra.
Hawkins also presents other alleged errors under this heading that were raised by previous assignments and were overruled. They are no more persuasive here.
The sixth assignment of error is overruled.
 SEVENTH ASSIGNMENT OF ERROR THE TRIAL COURT RECORD IS LEGALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF THE CRIMINAL OFFENSES IN CRIMINAL CASE NUMBER: 97-CR-242.
Evidence offered to prove a particular criminal offense must be legally sufficient to support a finding of factual guilt. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it validly removes the issue of factual guilt from the case." Menna v. New York
(1975), 423 U.S. 61, at 62-63. Therefore, Hawkins' guilty pleas waives any claim that the State's evidence was legally insufficient to convict him.
 The seventh assignment of error is overruled. Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which the appeal was taken.
WOLFF, J. and YOUNG, J., concur.