OPINION
Appellant, Walter Bartram (appellant) appeals from the judgment of conviction and sentence entered upon his guilty plea to two counts of felonious assault, and one count each of domestic violence and abduction. Following the criminal acts for which appellant was charged, the Ashland Police interrogated appellant. Appellant subsequently filed a motion to suppress the statement he gave to the police officers claiming that he had not made a knowing and voluntary waiver of his rights under Miranda v. Arizona (1966),384 U.S. 436. An evidentiary hearing was conducted and the trial court overruled the motion to suppress. Appellant then plead guilty to the charges stated above. On August 23, 1999, appellant's counsel, James L. Blunt II, filed a brief pursuant to Anders v. California (1967), 386 U.S. 738. Anders established five criteria which must be met before a motion to withdraw by appellant's counsel may be granted: "The five criteria are: a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; a showing that a motion to withdraw has been filed by appellant's counsel; the existence of a brief filed by appellant's counsel; the existence of a brief filed by appellant's counsel showing any potential assignments of error that can be argued on appeal; a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes should be addressed." See State v. Martin (Feb. 25, 1999), Lucas County App. No. L92-239, unreported.
Upon review of the record before us, we find that Attorney Blunt has complied with the procedures set forth above and has provided a copy of his brief and motion to withdraw as counsel upon appellant. Appellant was also advised of his right to file a pro se brief on his behalf and, as of the date of this entry, appellant has failed to do so. As the Supreme Court stated in Menna v. New York (1975),423 U.S. 61, at 62-63, fn. 2: . . . a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the state's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. . . ."
A guilty plea also waives any claim that the trial court erred in overruling a motion to suppress. See Huber Hts. v. Duty (1985),27 Ohio App.3d 244. This Court has independently examined the entire transcript in this matter, including, but not limited to, the motion to suppress, and we agree with the conclusion of appointed counsel for appellant that there are no arguably meritorious issues or errors that occur during the trial of this matter to be raised or decided on appeal. As such, this Court hereby grants Attorney Blunt's motion to withdraw as counsel for appellant. For these reasons, the judgment of conviction and sentence entered in the Ashland County Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
Wise, P.J. Farmer, J., and Edwards, J., concur.