OPINION
Ronald Bozarth appeals from his conviction and sentence for aggravated murder and aggravated robbery, which were entered upon his pleas of guilty.
On June 22, 1998, Clifford Via was found beaten to death in the basement of his Beavercreek home. Money was missing from Mr. Via's home. An investigation by Beavercreek police caused them to consider Ronald Bozarth a suspect. After police initially questioned Bozarth and developed additional information, Bozarth was arrested. When police questioned Bozarth a second time, he confessed to repeatedly hitting Mr. Via in the head with a pipe and taking over two hundred dollars from Via's home.
Ronald Bozarth was indicted on one count of Aggravated Robbery, R.C. 2911.01(A) (3), and one count of Aggravated Murder with a death penalty specification, R.C. 2903.01(B),2929.04(A) (7). Bozarth moved to suppress evidence. The trial court overruled the motion.
Pursuant to a negotiated plea agreement, Bozarth subsequently entered guilty pleas to both offenses as charged, including the death specification. However, the parties stipulated that the aggravating circumstance which exists in this case does not outweigh the mitigating factors. The State recommended that Bozarth be sentenced to life imprisonment without parole.
Following a mitigation hearing, the trial court sentenced Bozarth to life imprisonment without parole on the aggravated murder charge and ten years imprisonment on the aggravated robbery charge, those sentences to be served consecutively. Bozarth has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED BY QUESTIONING APPELLANT WITHOUT AN ATTORNEY AND BY QUESTIONING APPELLANT WITHOUT ADVISING HIM OF HIS CONSTITUTIONAL RIGHTS PURSUANT TO MIRANDA THEREBY DEPRIVING APPELLANT OF HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 14 OF THE OHIO CONSTITUTION.
Bozarth argues that the trial court erred in denying his motion to suppress evidence of statements he made to police. By entering a guilty plea, however, Bozarth waived his right to claim error in the trial court's ruling on his motion to suppress evidence. State v. Broomfield (June 28, 1996), Clark App. No. 95CA103, unreported; State v. Conley (September 12, 1997), Montgomery App. No. 16184, unreported; Huber Heights v. Duty
(1985), 27 Ohio App.3d 244.
Bozarth's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE INEFFECTIVE ASSISTANCE OF COUNSEL PROVIDED TO APPELLANT DURING THE MITIGATION PHASE VIOLATED HIS RIGHTS TO A FAIR AND IMPARTIAL JURY TRIAL AND SENTENCE, AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTY, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 5, 9, 10 AND 16 OF THE OHIO CONSTITUTION.
Ineffective assistance of trial counsel violates a criminal defendant's Sixth Amendment right to counsel, and it set the standard for determining whether a counsel's assistance was constitutionally ineffective. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. This standard, subsequently adopted by Ohio in State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, requires a defendant to satisfy a two-part test.
First, the defendant must demonstrate that his counsel's representation was deficient by showing that counsel's performance fell below an objective standard of reasonable representation.Id., at 141, 538 N.E.2d 373.
Second, the defendant must prove that his trial counsel's deficient performance resulted in prejudice to the defendant.Id., at 142, 538 N.E.2d 373. To prove prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Strickland, supra.
This court has previously held that a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent that counsel's deficient performance precluded the accused from entering a knowing and voluntary plea. State v. Bennett (1991), 73 Ohio App.3d 244;State v. Capper (November 13, 1998), Clark App. No. 97-CA-94, unreported. Bozarth makes no such argument in this case. Instead, he argues that his counsel's representation prior to the plea was deficient. Accordingly, Bozarth's guilty plea waives the error he assigns.
Bozarth's second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Robert K. Hendrix, Esq.
Suzanne M. Lough Wynn, Esq.
Hon. M. David Reid