OPINION
Brenda Johnson was charged by indictment with two counts of possession of crack cocaine — fifth degree felonies — and two counts of tampering with evidence — third degree felonies. After the trial court overruled her motion to suppress evidence, Johnson entered pleas of guilty to one count of possession of crack cocaine and one count of tampering with evidence. In return for her pleas of guilty, the State of Ohio dismissed the remaining charges in the indictment and also indicated that it would dismiss a pending charge that was scheduled for consideration by the grand jury. The trial court sentenced Johnson to concurrent sentences of ten months on the possession of crack cocaine charge and two years on the tampering with evidence charge.
On appeal, Johnson asserts the following as her assignment of error:
 APPELLANT'S ARREST WAS ILLEGAL, BASED UPON DUPLICATE AND THEREFORE ILLEGAL CHARGES BY THE CONSTABLE, THEREFORE THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS.
In response to Johnson's appellate brief, the State asserts that Johnson has waived her right to appellate review of the order overruling her motion to suppress by entering pleas of guilty to the two charges of which she was convicted and sentenced. In response to the State's assertion that Johnson has waived her right to appellate review of the unfavorable ruling on her motion to suppress, Johnson has filed a motion for leave to appeal.
The State is correct in its assertion that by pleading guilty rather than no contest, Johnson has forfeited her right to appellate review of the unfavorable ruling on her motion to suppress. See Huber Heights v. Duty (1985), 27 Ohio App.3d 244;State v. Bozarth (Dec. 17, 1999), Greene App. No. 99CA72, unreported. Indeed, Johnson acknowledged during the proceeding wherein she entered her pleas of guilty, that her pleas of guilty constituted a waiver of her right to appeal pretrial rulings.
Ohio appellate practice does not recognize a motion for leave to file an appeal to obtain appellate review of an unfavorable ruling on a motion to suppress where the opportunity for such review has been forfeited by pleas of guilty.
Accordingly, the assignment of error will be overruled, and the motion for leave to file an appeal will be overruled.
 ___________________ WOLFF, J.
BROGAN, J. and FAIN, J., concur.