JOURNAL ENTRY AND OPINION
Defendant-appellant, Sherman Sherrills, convicted after a plea of guilty to the offense of burglary, appeals the decisions of the Cuyahoga County Common Pleas Court denying both his motion to suppress evidence and his presentence motion to withdraw his plea. For the reasons that follow, we affirm.
The facts relevant to this appeal are as follows. On December 30, 1997, Cleveland Police Officer Simas Kijauskas and his partner, Officer Peace, responded to a burglary in progress on East 61st Street in Cleveland. Upon arriving at the address, Officer Kijauskas observed defendant-appellant, Sherman Sherrills, who was wearing a green and blue plaid flannel jacket and gloves, exiting the home with a television set. Appellant placed the television in his parked car, but then ran from the officers. The officers gave chase, but soon lost appellant.
Approximately one hour after the chase, appellant's girlfriend reported the car stolen. These same officers met her and took her report. Appellant's girlfriend confirmed that the car used in the burglary belonged to appellant and that appellant owned a jacket that matched the description of the jacket seen by the officers at the burglary. As part of his investigation, Officer Kijauskas learned that appellant had an outstanding arrest warrant for a probation violation.[1] officer proceeded to appellant's home.
Appellant's mother, Lula Sherrills, answered the door. The officers informed her that they had an arrest warrant for appellant a Based on this information, he and anothefor probation violation. unfinished attic room of a house owned by his brother but rented to his mother. Appellant was at the top of the stairs, and Officer Kijauskas recognized appellant as the burglar he had chased earlier that day. Appellant was handcuffed and taken into the patrol car.
Because appellant was not appropriately dressed for the cold weather, the officers asked appellant if he wanted a jacket. When he stated he did, Officer Kijauskas went back to the house and informed Ms. Sherrills that appellant wanted a jacket. This officer testified that Ms. Sherrills gave him permission to retrieve a jacket for appellant from his attic bedroom. The officer further testified that Ms. Sherrills informed him that she did not want to get the jacket herself because she had a hard time going up the steps.
Upon entering the attic bedroom, Officer Kijauskas immediately noticed a crack pipe and some drug paraphernalia. Near the drug paraphernalia, the officer observed the green and blue plaid jacket rolled up between exposed wall joists. The attic bedroom had no finished walls, only exposed 2" x 4" studs. The gloves were found when the officer unrolled the jacket.
Appellant was subsequently indicted for one count of burglary, in violation of R.C. 2911.02, and one count of theft, in violation of R.C.2913.02. Although he was assigned counsel, appellant, acting pro se, filed a motion to suppress evidence. A hearing was conducted, but the trial court denied the motion nonetheless. Prior to the start of trial, the court accepted appellant's guilty plea to the burglary charge while the theft offense was nolled.
At the sentencing hearing conducted a few weeks later, appellant sought to vacate his guilty plea. After denying this motion, appellant was sentenced to a three-year prison term.[2]
Appellant is now before this court and assigns two errors for our review. In his first assignment of error, appellant contends that the trial court erred in denying his motion to suppress. Succinctly, he claims that no permission was given for the police officer to search his room and, therefore, the recovery of the jacket and gloves was the result of an illegal search and seizure.
We do not need to address the merits of this assignment of error, however. It is well established that a plea of guilty waives any alleged error by the trial court in not suppressing evidence. State v. Elliot (1993), 86 Ohio App.3d 792, 795; Huber Heights v. Duty (1985),27 Ohio App.3d 244; State v. McDonall (Dec. 16, 1999), Cuyahoga App. No. 75245, unreported at 8; State v. Johnson(Aug. 28, 1997), Cuyahoga App. No. 70889, unreported at 4; see, also, State v. Spates (1992),64 Ohio St.3d 269.
In this case, appellant entered into a plea agreement wherein he pled guilty to the offenses of burglary and theft. In so doing, he is now precluded from challenging as error on appeal that the trial court erroneously denied his motion to suppress evidence.
Consequently, appellant's first assignment of error is not well taken and is overruled.
In his second assignment of error, appellant claims that the trial court erred in denying his motion to vacate his guilty plea and in failing to hold a hearing on that motion. Appellant primarily focuses on what he perceives is the court's failure to hold a hearing on the motion.
One who enters a guilty plea has no absolute right to withdraw it. A motion to withdraw a guilty plea before sentencing, however, should be freely allowed and treated with liberality after the trial court conducts a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. The decision to grant or deny such a motion is, nonetheless, within the sound discretion of the trial. State v. Xie (1992), 62 Ohio St.3d 521, 526 citing State v. Peterseim (1980),68 Ohio App.2d 211, 213-214. Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. Id.
A review of the record in this case reveals that appellant was given an opportunity to be heard on his motion to withdraw.
 COUNSEL: I filed a motion to vacate the plea. That means a motion to erase, to remove the plea of guilt. I received a phone call from Mrs. Sherills, who is in the back of the courtroom, who indicated to me that her son called her and he is here. Let him speak for himself. He was — is innocent, and under those circumstances, I would move this Court very, very vigorously and zealously to please, please, grant the motion to vacate his plea of guilty and to start out over again. Your Honor, would my client be allowed to say something?
THE COURT: Certainly.
 DEFENDANT: Your Honor, as far as the motion, as far as me withdrawing the guilty plea, is something I really don't (sic) want to do. On the contrary, I want one of the State's witnesses perjured himself while on the stand under oath.
THE COURT: You didn't have a trial.
DEFENDANT: Well, wasn't that a trial you had gave me?
 THE COURT: You entered a plea of guilty after the suppression hearing, Mr. Sherill. I'm not going to allow you to withdraw your previously entered plea of guilt. We are to proceed today to handle both the sentencing in this case, as well as your probation violation in two cases, 347301 and 350649. Is there anything that you would like to say regarding sentencing?
 COUNSEL: Your Honor, I have spoken and I have dealt with Mr. Sherills for quite a while, and with his nice mother in the back of the courtroom and, your Honor, this is a very unfortunate type of a case over here.
 I don't know how to address the Court at a time when my client insists he is innocent, but ask the good Court to take into consideration that he stands before you very humbly today, and we ask and since this is technically a probationable offense, that you can consider putting him on probation, your Honor.
 THE COURT: Anything else that you would add, Mr. Sherills?
 DEFENDANT: Your Honor, I did make a guilty plea. I ask that you show me some mercy today. You gave me one chance. I know you did.
Based upon the testimony excerpted above, it cannot be said that appellant was not given an opportunity to be heard on his motion to withdraw his guilty plea. Counsel for appellant requested and received permission to address the court regarding the recently filed motion. Counsel merely stated that appellant was innocent and then pleaded with the court to grant the motion. Counsel then deferred to appellant to speak for himself, whereupon appellant claimed one of the state's witnesses committed perjury. Neither appellant nor his attorney provided, or offered to provide, any evidentiary basis for these bold assertions. Appellant's apparent failure to do so, while possibly fatal to his motion, cannot serve as a basis for vacating that judgment for failure to conduct a hearing. See State v. Hall (Apr. 27, 1989), Cuyahoga App. No. 55289, unreported at 2-3 (The court gave defendant full opportunity to elaborate the basis for his motion, but defendant failed to take advantage of this opportunity * * *). The trial court properly conducted a hearing, minimal as it was. See State v. Marcial (June 28, 2000), Lorain App. No. 99CA007353, unreported at 3-4 (In essence the court did hold a hearing; the court gave appellant the opportunity to be heard, and no further inquiry was required based on the fact that appellant had failed to offer any argument in support of his motion.); see, also, State v. Beamon (Mar. 25, 1999), Cuyahoga App. No. 73813, unreported at 7.
We find that the trial court gave appellant an opportunity to be heard on his motion to withdraw his plea. Moreover, the trial court, in its discretion, having determined that there existed no reasonable and legitimate basis for the withdrawal of the plea, properly denied the motion. Consequently, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.
Appellant's second assignment of error is not well taken and is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 ________________________ JOHN T. PATTON, JUDGE
DIANE KARPINSKI, P.J., CONCURS.
KENNETH A. ROCCO, J., CONCURRING IN PART AND DISSENTING IN PART (SEE SEPARATE OPINION).
[1] In June 1997, the trial court imposed conditional community control sanctions for two separate violations of R.C. 2925.11, possession of drugs, in case numbers 347301 and 350649. When appellant failed to abide by the conditions imposed, a capias was issued for his arrest and was outstanding at the time of the events giving rise to this appeal.
[2] Appellant also received two eleven-month sentences for cases 347301 and 350649, to run consecutive to the three-year sentence.