DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas where appellant, Godfrey Turk, was convicted of two counts of receiving stolen property, and one count of having a weapon while under disability. Because the trial court's judgment on appellant's motion to suppress was supported by competent, credible evidence, we affirm.
On September 3, 1997, appellant, Godfrey Turk, was indicted for receiving stolen property. The indictment stemmed from appellant's possession of and attempt to sell a stolen baseball card collection from a house burglary. On September 11, 1997, the Toledo Police Department executed a search warrant at appellant's home. The affidavit supporting the warrant alleged that a resident had observed appellant attempting to break into a home and that appellant allegedly tried to sell jewelry to co-workers.
On September 19, 1997, appellant was again indicted: this time on one count of burglary, in violation of R.C. 2911.12, two counts of receiving stolen property, in violation of R.C. 2913.51, and one count of having a weapon while under disability, in violation of 2923.13(B). Appellant pled not guilty to the charges in both cases.
On September 23, 1997, the Toledo Police Department executed a second search warrant, which specified that additional stolen goods would be found at appellant's home.
On February 5, 1998, a suppression hearing was held. Appellant sought to suppress the evidence obtained in both searches, claiming the affidavits for the search warrants failed to state the factual basis for the belief that stolen property was at his home. Appellant's motion was denied.
Pursuant to a plea agreement to resolve the charges in both cases, appellant pled no contest to receiving stolen property in the first case. In the second case, appellant pled no contest to one count of receiving stolen property and pled guilty to one count of receiving stolen property and one count of having a weapon while under disability. The prosecution dismissed the burglary charge. Appellant was sentenced on April 16, 1998.
Appellant now appeals the trial court's judgment, setting forth the following, sole assignment of error:
 "The trial court erred by overruling appellant's motion to suppress evidence."
Appellant argues that the trial court erred in failing to suppress evidence obtained pursuant to the two search warrants. Appellant claims that the affidavit for the search warrant issued on September 11, 1997, failed to state the factual basis for the belief that the items sought in the warrant would be found in his home. Appellant contends that any evidence from that search and the subsequent search warrant issued on September 23, 1997, should, therefore, be suppressed. We disagree.
It is well known that a plea of guilty operates as a waiver to the claimed errors of a trial court. City of Huber Heights v. Duty (1985),27 Ohio App.3d 244. Therefore, any claimed errors regarding the search warrant were waived as to the guilty pleas. Consequently, our review will be limited to any assigned error regarding only the no contest plea in the second case.[1]
The standard of review on a motion to suppress is whether the trial court's ruling was supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court must independently determine, as a matter of law, without deferring to the trial court's conclusion, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
R.C. 2933.23, which governs affidavits for search warrants, states in pertinent part:
 "A search warrant shall not be issued until there is filed with the judge or magistrate an affidavit that particularly describes the place to be searched, names or describes the person to be searched, and names or describes the property to be searched for and seized; that states substantially the offense in relation to the property and that the affiant believes and has good cause to believe that the property is concealed at the place or on the person; and that states the facts upon which the affiant's belief is based. . . ." (emphasis added).
In this case, the first warrant specifically stated that the appellant had been caught trying to sell baseball cards that were reported stolen during a series of house burglaries. He also was seen and identified as a person who was trying to break into a house. Finally, appellant had attempted to sell jewelry to co-workers. In our view, the affidavit provided a sufficient factual basis for the belief that appellant may have had stolen goods in his home.
The second warrant executed on September 23, 1997, included an affidavit that stated:
 "ON 9-11-97 TOLEDO POLICE SERVED A SEARCH WARRANT AT THE HOME OF GODFREY TURK AND A LARGE AMOUNT OF PROPERTY FROM THAT SEARCH WARRANT WAS RECOVERED AND RETURNED TO ITS OWNERS. ALL RECOVERED PROPERTY HAD BEEN TAKEN IN BURGLARIES IN THE TOLEDO AREA OVER THE LAST YEAR. . . . FURTHER, VICTIMS PRODUCED STOLEN PROPERTY LISTS WHICH CONTAINS ITEMS WHICH ARE SIMILAR TO ITEMS LEFT AT THE HOME AT 2632 SCOTTWOOD."
This second affidavit was thus based upon the discovery of stolen property at appellant's home during the first search. Again, this provides sufficient facts to support the issuance of a warrant. Therefore, we conclude that the trial court's determination to deny appellant's motion to suppress evidence was supported by competent, credible evidence.
Accordingly, appellant's sole assignment of error is not well taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. The court costs of this appeal are assessed to appellant.
 ___________________ James R. Sherck, J.
Peter M. Handwork, J., Melvin L. Resnick, J. CONCUR.
[1] Crim.R. 12(H) states:
"(H) Effect of plea of no contest
The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."