OPINION
Defendant-appellant Dwight R. Smith appeals from his conviction and sentence, following a guilty plea, for Receiving Stolen Property. Smith contends that the trial court erred by denying his motion to suppress evidence. We agree with the State that Smith's guilty plea waived any error in connection with the trial court's denial of his motion to suppress. Accordingly, the judgment of the trial court is Affirmed.
 I
In September 2000, Smith came to the attention of two Vandalia police officers who were stationed in a large parking lot where thefts had been reported from a dumpster. At about 5:30 in the morning, Smith drove his car into the parking lot, turned around, and then left the parking lot. The officers decided to follow Smith. They checked his license plates, but found no negative information. The officers did not see Smith commit any traffic violations. Nevertheless, the officers decided to stop him.
Smith did not have his driver's license, but identified himself to the officers. Upon verifying Smith's identity, one officer determined that his driving privileges were under suspension. Ultimately, Smith was indicted for Receiving Stolen Property, the stolen property being the vehicle he was driving.
Smith moved to suppress the evidence that resulted from the stop, contending that the officers lacked a reasonable and articulable suspicion to stop him. His motion to suppress was denied. Thereafter, Smith pled guilty, and was sentenced accordingly. From his conviction and sentence, Smith appeals.
 II
Smith's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN FINDING THAT THERE WAS A REASONABLE, ARTICULABLE SUSPICION FOR THE LAW ENFORCEMENT OFFICER TO STOP APPELLANT'S VEHICLE.
We agree with the State that Smith waived any error in connection with his suppression motion when he pled guilty. City of Huber Heights v. Duty (1985), 27 Ohio App.3d 244.
We note that Smith attempted, unsuccessfully, to persuade us to permit him to amend his appellate brief to include an assignment of error that his counsel was ineffective for having permitted him to tender a plea of guilty, rather than no contest. A no-contest plea would have preserved error in connection with the hearing on the motion to suppress. We denied Smith's motion to amend his brief because his claim that his trial counsel was ineffective necessarily depends upon facts and circumstances that are outside the record. Our denial of his motion to amend his brief, as well as our judgment affirming his conviction and sentence, are without prejudice to a claim of ineffective assistance of counsel that Smith may wish to pursue in a petition for post-conviction relief.
Smith's sole assignment of error is overruled.
 III
Smith's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.