[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Robert Lattimore appeals his conviction on one count of aggravated robbery and its accompanying firearm specification and one count of kidnapping. Lattimore pleaded guilty and agreed to a sentence totaling ten years' incarceration. The trial court accepted Lattimore's plea and imposed the agreed sentence.
Counsel appointed to prosecute Lattimore's appeal has filed a no-error brief in compliance with Anders v. California.[1] Counsel has found no error in the proceedings below, has requested that this court review the proceedings for meritorious error, and has moved to withdraw as counsel. He has contacted Lattimore, who raises the following concerns: (1) counsel was ineffective because he had not been retained, (2) the trial court erred by not allowing Lattimore to discharge his counsel; (3) the trial court erred in denying his motion to suppress; (4) the trial court erred by denying a continuance; and (5) he did not deserve his sentence.
To the extent that Lattimore challenges his term of incarceration, R.C. 2953.08(D) precludes review of his agreed sentence. Further, any error regarding his motion to suppress was waived by his guilty plea.[2]
As to his claim of ineffective assistance of counsel, the mere fact that counsel had been appointed did not mean that counsel's representation was ineffective. And the record fails to reflect ineffective assistance of counsel otherwise. As to Lattimore's claim that the trial court erred by refusing to let him discharge his counsel, the record reflects that Lattimore and his counsel did not necessarily agree on trial tactics, but that Lattimore stated that he was cooperating with counsel. Once more, Lattimore has failed to demonstrate any prejudice by not being allowed to terminate his relationship with counsel. As to his assertion that the trial court erred by denying him a continuance, Lattimore has not argued that his plea was involuntarily, unknowingly, or unintelligently made; thus, he has waived a challenge to the trial court's denial of his motion for a continuance by entering his guilty plea.[3]
We have reviewed the transcript of the proceedings below and conclude that there was no prejudicial error. The record reflects that the trial court substantially complied with Crim.R. 11. Thus, we overrule Lattimore's counsel's motion to withdraw and affirm the trial court's judgment.
Although we hold that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we allow no penalty because of Lattimore's indigency.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] See Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] See Huber Hts. v. Duty (1985), 27 Ohio App.3d 244,500 N.E.2d 339.
[3] Accord State v. Shaw (Feb. 13, 1990), Franklin App. No. 89AP-769, unreported.