[Cite as *State v. Davies*, 2017-Ohio-621.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0043** |
| ROBERT R. DAVIES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Eastern District, Case No. 2011 TRC 139 EA.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Robert R. Davies,* pro se, 7455 Harmon Road, Conneaut, OH 44030 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Robert Davies, appeals the denial of his Motion to Vacate Judgment and Dismiss the Complaint by the Ashtabula County Court, Eastern Division. The issue before this court is whether a defendant may collaterally challenge a guilty plea on factual grounds and/or suppression issues. For the following reasons, we affirm the decision of the court below.

{¶2} On January 29, 2011, Davies was issued a Traffic Ticket by Officer Juan Tirado of the North Kingsville Police Department, charging him with Driving While Under the Influence of Alcohol (OVI), a first degree misdemeanor in violation of R.C. 4511.19(A)(1)(a); and violations of R.C. 4511.33 (Rules for driving in marked lanes) and R.C. 4511.25 (Lanes of travel upon roadways), both minor misdemeanors.

{¶3} On April 4, 2011, Davies entered a plea of guilty to OVI. Other pending charges were dismissed on motion of the prosecutor. The county court sentenced Davies to 30 days in jail with 30 days suspended, ordered him to attend and complete a driver intervention program, suspended his license for 180 days, imposed a fine of $375 plus costs and probation fees, and placed him on supervised probation for one year.

{¶4} On July 27, 2016, Davies filed a Motion to Vacate Judgment and Dismiss the Complaint, based on the United States Supreme Court's June 23, 2016 decision in *Birchfield v. North Dakota*, __ U.S. __, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016).

{¶5} On August 1, 2016, the county court denied Davies' Motion, on the grounds that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6 (a "new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies").

{¶6} On August 8, 2016, Davies filed a Notice of Appeal. On appeal, Davies raises the following assignment of error:

{¶7} "[1.] The trial court erred in overruling, without a hearing, Appellant's Motion to Vacate Judgment and Dismiss the Complaint."

{¶8} Davies raises several arguments under his sole assignment of error.

2

{¶9} Many of these arguments involve suppression issues and the underlying factual basis for his conviction: "my conviction and sentence are predicated on misinformation"; "the traffic stop was conducted without probable cause"; "evidence * * * was obtained in violation of Amendment IV, United States Constitution, and Article 1, § 14 of the Ohio Constitution"; and "[t]he officers' misrepresentations of fact [regarding the performance of field sobriety tests] are both unreliable and inadmissible." Appellant's brief at 5-11.

{¶10} Consideration of these arguments is precluded by the fact that Davies pled guilty to the OVI charge. Davies' conviction rests upon his admission of guilt, rather than the State's evidence. The reliability and/or admissibility of that evidence is, therefore, irrelevant to the validity of Davies' conviction.

{¶11} "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1).

> [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

*Huber Heights v. Duty*, 27 Ohio App.3d 244, 500 N.E.2d 339 (2d Dist.1985), quoting *Menna v. New York,* 423 U.S. 61, 62-63, fn. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975);

*State v. Gensert*, 2016-Ohio-1163, 61 N.E.3d 636, ¶ 30 (11th Dist.) ("when a defendant makes claims of innocence after a guilty plea has been accepted, a trial court has no duty to inquire into a defendant's reasons for pleading guilty") (citation omitted); *State v. Elliott*, 86 Ohio App.3d 792, 795, 621 N.E.2d 1272 (12th Dist.1993) ("a guilty plea constitutes a waiver of alleged errors by the trial court in not suppressing evidence").

{¶12} Davies also argues the United States Supreme Court's decision in *Birchfield* "is not subject to the bar on retroactive application" since it "held, for the first time, that the Fourth Amendment categorically prohibits warrantless blood tests, and that a person's refusal to submit to a warrantless blood test may not be justified as a search-incident-to-arrest or on the basis of implied consent statutes." Appellant's brief at 13-14.

{¶13} Davies' argument approximates a petition for postconviction relief filed more than three hundred sixty-five days after the expiration of the time for filing the appeal, when "the United States Supreme Court [has] recognized a new federal or state right that applies retroactively to persons in the petitioner's situation." R.C. 2953.23(A)(1)(a).

{¶14} Davies' reliance on *Birchfield* is unavailing as that case did not recognize a new federal or state right applying retroactively to persons in Davies' situation. To the extent that *Birchfield* held that the Fourth Amendment does not permit warrantless blood tests incident to arrests for drunk driving, the ruling is irrelevant as Davies' conviction rests upon his own admission of guilt.

{¶15} To the extent that *Birchfield* held motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense, the ruling

4

is still irrelevant as Davies was only subject to the administrative suspension of his license for refusing to submit to a blood test. As the Supreme Court stated:

> Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. * * * Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them.

*Birchfield*, __ U.S. __, 136 S.Ct. at 2185, 195 L.Ed.2d 560.

{¶16} Davies' sole assignment of error is without merit.

{¶17} For the foregoing reasons, the denial of Davies' Motion to Vacate Judgment and Dismiss the Complaint by the Ashtabula County Court, Eastern Division, is affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.