DECISION AND JUDGMENT ENTRY
{¶ 1} Richard Jacobson appeals from his conviction on a charge of having a weapon while under disability. Jacobson advances three arguments to support his appeal: 1) ineffective assistance of counsel, 2) the trial court erred in denying his post-sentence motion to withdraw his guilty plea, and 3) the trial court erred in denying his motion to suppress. Since the trial court complied with Crim. R. 11 and Jacobson did not provide evidentiary support for his motion to withdraw the guilty plea, the trial court did not err in denying that motion. Next, since Jacobson knowingly, intelligently and voluntarily entered a guilty plea, he waived his right to challenge the trial court's denial of his motion to suppress. Lastly, we overrule Jacobson's claim for ineffective assistance of counsel because it is based on matters outside of the record. Thus, we affirm Jacobson's conviction.
 {¶ 2} In May 2001, the Adams County Sheriff's Department executed a search warrant on Jacobson's home and discovered a Winchester 30/30 Rifle. After the Adams County Grand Jury indicted Jacobson for having a weapon while under a disability, he pled not guilty and filed a motion to suppress the results of the search. In his motion to suppress, Jacobson argued that probable cause did not support the search warrant and that the affidavit supporting the warrant contained false statements and stale information. Looking at the face of the warrant, the trial court found that probable cause existed to support its issuance. The court refused to conduct an evidentiary hearing to determine whether the Adams County Sheriff's Department supported their affidavit with false statements or stale information.
 {¶ 3} Later, Jacobson changed his plea to guilty in exchange for the state's recommendation of community control sanctions as a sentence. After complying with Crim. R. 11, the court accepted Jacobson's plea and sentenced him to three years of community control. Three weeks after sentencing, Jacobson filed a Crim. R. 32.1 motion to withdraw his guilty plea. Jacobson argued that he was under duress when he entered his guilty plea because he suffered from "dilantin toxicity" and withdrawals from other prescription medications. Jacobson also argued that, at the time of his sentencing hearing, he was heavily medicated and could not assist his defense or direct his attorney to withdraw his guilty plea. The trial court denied Jacobson's motion without holding an evidentiary hearing. Jacobson filed this appeal and assigns the following errors: FIRSTASSIGNMENT OF ERROR — Appellant was deprived of his right to effective assistance of counsel where defense counsel failed to get testimony and evidence implicating the warrant's affidavit on the record, failed to get the affidavit and warrant in the record, failed to raise the issue of appellant effectively being denied an evidentiary hearing at the suppression hearing and failed to adequately inform appellant prior to appellant's entering his guilty plea. SECOND ASSIGNMENTOF ERROR — The trial court erred in denying appellant's motion to suppress where the affidavit supporting the warrant was facially defective and the court denied appellant an evidentiary hearing on his motion. THIRD ASSIGNMENT OF ERROR — The trial court [erred] in denying appellant's motion to withdraw guilty plea where appellant was under a misunderstanding as to the effect of his plea and where defense counsel preserved the issue of the court's denial of appellant's motion to suppress prior to the entry of appellant's guilty plea.
 {¶ 4} Since the validity of Jacobson's guilty plea affects the remaining assignments of error, we will address his third assignment of error first.
 {¶ 5} Under Crim. R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. The Ohio Supreme Court has defined manifest injustice as a clear or openly unjust act. State ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203,208, 1998-Ohio-271, 699 N.E.2d 83. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith
(1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. Thus, a trial court will not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea stands. State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715;Smith, 49 Ohio St.2d 261, paragraph one of the syllabus. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court. Smith,49 Ohio St.2d 261, paragraph two of the syllabus. An appellate court, therefore, will not reverse the trial court's decision absent an abuse of discretion. Xie, supra. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, unconscionable, or arbitrary. State v. Clark, 71 Ohio St.3d 466, 470,1994-Ohio-43, 644 N.E.2d 331.
 {¶ 6} Generally, when a defendant files a Crim. R. 32.1 motion to withdraw a guilty plea, trial courts will conduct an evidentiary hearing; however, trial courts are not always required to do so. Statev. Moore, Pike App. No. 01CA674, 2002-Ohio-5748, at ¶ 17. Trial courts need only conduct an evidentiary hearing where the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand. Id. Moreover, an evidentiary hearing is not required if the defendant's allegations are "conclusively and irrefutably contradicted by the record." Id. at ¶ 18.
 {¶ 7} Here, Jacobson argued in his Crim. R. 32.1 motion that the trial court should allow him to withdraw his guilty plea because he entered it under duress. Specifically, Jacobson argued he was under duress when he entered his guilty plea because he suffered from dilantin toxicity and from withdrawals from various prescription medications. Jacobson also argued that at his sentencing hearing, heavy medication precluded him from contributing to his defense or directing his attorney to withdraw his guilty plea. However, Jacobson did not support his motion with a doctor's affidavit or any other evidentiary support.
 {¶ 8} Our review of the record indicates the trial court substantially complied with Crim. R. 11 when it informed Jacobson of the constitutional and procedural rights he was waiving. In addition, the record reflects that Jacobson voluntarily, intelligently and knowingly waived those rights. In particular, at the change of plea hearing, the trial court inquired whether Jacobson was "under the influence of any alcohol or drugs that would make it impossible for you to understand what's happening." Jacobson replied that he was not. Moreover, Jacobson's conduct at the change of plea hearing demonstrated that he was not under the influence of drugs or alcohol. For example, the trial court asked Jacobson if he was presently under parole, probation or community control, and Jacobson replied "yes, sir." When the court further inquired where, Jacobson replied "Clermont County." When the court explained community control sanctions, Jacobson asked if he could transfer his probation because he planned to move to another county. Following the prosecutor's statement of facts supporting the guilty plea, Jacobson corrected the prosecutor's characterization of his prior conviction as a trafficking in marijuana charge to a possession of marijuana charge. Therefore, the record reflects that Jacobson denied being under the influence of any drug or alcohol and appeared coherent enough to answer questions, ask questions, and correct the prosecutor's statement of facts. Thus, the trial court did not err in summarily denying Jacobson's Crim. R. 32.1 motion because the record conclusively and irrefutably contradicts Jacobson's allegations. See, also, State v. Purewal (April 22, 1999), Cuyahoga App. No. 74707 (stating the trial court did not err in failing to conduct an evidentiary hearing because the defendant did not present "credible evidence, outside of mere assertion, to validate his claim of impaired judgment.").
 {¶ 9} Jacobson also argues that the trial court should have granted his motion to withdraw his guilty plea because of trial counsel's ineffectiveness at the suppression hearing. Because Jacobson did not present this argument to the trial court in support of the motion, we reject it summarily. Jacobson cannot raise an issue for our review without having presented it to the trial court initially. State v. Awan
(1986), 22 Ohio St.3d 120, 122, 489 N.E.2d 277. See, also, State ex rel.Athens Cty. Dept. of Human Serv. v. Wolf (1991), 77 Ohio App.3d 619,622-23, 603 N.E.2d 252, superseded by statute on other grounds. Jacobson's third assignment of error is overruled.
 {¶ 10} In his second assignment of error, Jacobson argues that the trial court erred in denying his motion to suppress. However, since Jacobson voluntarily and knowingly changed his plea to guilty, he forfeited his right to appeal the trial court's decision on his motion to suppress. State v. Benson (Aug. 9, 1995), Washington App. No. 94CA36 citing Huber Hts. v. Duty (1985), 27 Ohio App.3d 244, 500 N.E.2d 339. See, also, State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph two of the syllabus (stating that a guilty plea "waives all appealable errors which may have occurred * * * unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea."). After the trial court complied with Crim. R. 11, Jacobson chose to plead guilty and agreed to a plea bargain, which consisted of his guilty plea in exchange for the state's recommendation of a sentence of community control sanctions. Since the trial court's decision at the suppression hearing did not affect whether Jacobson entered his guilty plea knowingly or voluntarily, his second assignment of error is overruled.[1]
 {¶ 11} In his first assignment of error, Jacobson argues ineffective assistance of counsel because of his trial counsel's conduct at the suppression hearing and his trial counsel's failure to inform him that a guilty plea would waive his right to appeal the trial court's decision at the suppression hearing. In addition to waiving the right to appeal a motion to suppress, a defendant who pleads guilty also waives the right to claim ineffective assistance of counsel, except to the extent that counsel's deficient performance caused the plea to be less than knowing and voluntary. State v. Spates, 64 Ohio St.3d 269, 272-73,1992-Ohio-130, 595 N.E.2d 351; State v. Kelley (1991), 57 Ohio St.3d 127,129, 566 N.E.2d 658.
 {¶ 12} Generally, in order to prove a claim of ineffective assistance of counsel a defendant must show that his counsel's performance was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. In order to make this showing, defendants must overcome the strong presumption that attorneys licensed to practice in Ohio provide competent representation. Bradley, 42 Ohio St.3d at 142; State v.Hamblin (1988), 37 Ohio St.3d 153, 155-56, 524 N.E.2d 476. However, when applied in the context of a guilty plea, a defendant must also demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart (1985), 474 U.S. 52, 58-59, 106 S.Ct. 366,88 L.Ed.2d 203. See, also, State v. Parker (Jan. 6, 1998), Washington App. No. 96CA35.
 {¶ 13} Here, both of Jacobson's ineffective assistance arguments involve the suppression hearing. Jacobson's argument that he received ineffective assistance during the suppression hearing is not persuasive because trial counsel's conduct during the suppression hearing had no bearing on whether Jacobson entered a voluntary or knowing guilty plea. Thus, the guilty plea effectively waived this argument. See Spates, supra; Kelley, supra. Next, Jacobson argues counsel was ineffective because, rather than advising him to enter a no contest plea, counsel negotiated a guilty plea, which waived his ability to appeal the trial court's decision at the suppression hearing. Jacobson contends counsel did not inform him that a guilty plea would waive his right to appeal the trial court's decision at the suppression hearing. Because this argument directly affects whether Jacobson knowingly entered his plea, it is preserved for review.
 {¶ 14} But, before we can determine whether counsel's advice was deficient or prejudicial to Jacobson, we must determine what advice counsel actually offered. Such a determination would require us to examine facts outside the record. The Ohio Supreme Court has addressed the issue of whether an appellate court can resolve an ineffective assistance of counsel claim that relies upon facts not in the record. Answering that question in the negative the court reasoned: "[I]t is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21." State v. Cooperrider (1983),4 Ohio St.3d 226, 228, 448 N.E.2d 452.
 {¶ 15} Because the record is silent on this issue, Jacobson's assertion that trial counsel did not inform him that a guilty plea would waive his right to appeal the trial court's decision on his motion to suppress has to rely on evidence outside the record. In a direct appeal, we cannot consider such matters; we are confined to testimony and evidence that the parties presented to the trial court. Obviously, without knowing what advice trial counsel gave, we cannot determine whether that advice was deficient or prejudicial. See, State v.Youngblood (May 17, 2001), Cuyahoga App. No. 77997 (stating, "[t]his ineffective assistance claim fails because there is no evidence of the attorney-client communications on this record and, thus, no evidence of either unprofessional conduct or prejudice. * * * Such allegations should be raised in post conviction proceedings."). Moreover, under Strickland, supra, and Bradley, supra, Jacobson has the burden to overcome the strong presumption that his trial counsel acted reasonably. Conclusory and self-serving statements such as those presented here, cannot satisfy that burden. In the face of this strong presumption and in the absence of any contrary evidence in the record, we must presume that trial counsel performed competently. See State v. Wright, Mahoning App. No. 01CA80,2002-Ohio-6096, at ¶ 38-40. Accordingly, we overrule this portion of his first assignment of error.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
 It is ordered that the JUDGMENT BE AFFIRMED and that the Appelleerecover of Appellant costs herein taxed.
 The Court finds there were reasonable grounds for this appeal.
 It is ordered that a special mandate issue out of this Court directingthe Adams County Common Pleas Court to carry this judgment intoexecution.
 IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.
NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Our opinion does not reach the merits of the trial court's handling of the suppression hearing. As the trial court observed, normally a defendant will not be entitled to an evidentiary hearing when a search warrant exists. See Katz, Ohio Arrest, Search and Seizure, (2002 Ed.) T19.6, 412. However, when, as in this case, the defendant alleges that the state established probable cause based on false statements or stale information, an evidentiary hearing may be necessary. Id. Moreover, while we have found no authority that applies a per se rule to prohibit the issuing judge from subsequently reviewing the propriety of his own warrant under a motion to suppress, prudence would seem to require a visiting or substitute judge for suppression hearings where the issuing and reviewing judge are one and the same.