OPINION
{¶ 1} Defendant, Shawn Brookins, appeals from his conviction for aggravated robbery, R.C. 2911.01(A)(1), and the three year sentence of incarceration which the trial court imposed upon his conviction.
 {¶ 2} Brookins' conviction was entered on his negotiated plea of no contest to the aggravated robbery charge. In exchange, the State dismissed other, related charges and a gun specification. The sentence the court imposed was one to which the parties had agreed.
 {¶ 3} Brookins filed a timely notice of appeal. He presents a single assignment of error.
 {¶ 4} Assignment of Error
 {¶ 5} "The trial court erred when it overruled defendant-appellant's Rule 29 motion for acquittal."
 {¶ 6} Brookins was brought to trial on all the charges on which he had been indicted. The proceeding ended in a mistrial. Brookins subsequently entered his no contest plea. The error that Brookins assigns concerns the trial court's denial of his Crim.R. 29 motion for judgment of acquittal in the proceeding that ended in a mistrial. In that motion, Brookins challenged the sufficiency of evidence the State had offered to prove his identity as the perpetrator.
 {¶ 7} We have held that a guilty plea waives a claim that the trial court errs when it denies a motion to suppress evidence.Huber Heights v. Duty (1985), 27 Ohio App.3d 244. Such a motion, along with any other motion "or request that is capable of determination without a trial of the general issue" must be raised prior to trial. Crim.R. 12(C).
 {¶ 8} Unlike a guilty plea, and pursuant to Crim.R. 12(I), a plea of no contest preserves for appellate review any alleged error in ruling on a Crim.R. 12(C) pretrial motion. However, a Crim.R. 29 motion for judgment of acquittal is not such an application. By its terms, a Crim.R. 29 motion may be made only "after the evidence on either side is closed," which necessarily occurs after a trial has commenced. Further, such evidence comprehends its introduction in a "trial of the general issue," which likewise excludes it from the coverage of Crim.R. 12(C) and the protections that Crim.R. 12(I) affords.
 {¶ 9} The very challenge which Defendant's Crim.R. 29 motion presented was necessarily waived by his subsequent plea of no contest to the aggravated robbery charge against him. The plea conceded the legal sufficiency and the weight of the evidence necessary to convict. Defendant thereby waived his right to argue any error with respect to those determinations in the prior proceeding that ended in a mistrial. In addition, the conviction and sentence from which this appeal was taken were not the product of that proceeding or any error it involved.
 {¶ 10} The assignment of error is overruled. The judgment from which this appeal was taken will be affirmed.
Wolff, J. and Young, J., concur.