[Cite as *State v. Smith*, 2016-Ohio-3361.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26746 |
| | : | |
| v. | : | T.C. NO. 13CR1999 |
| | : | |
| GARRETT D. SMITH | : | (Criminal appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___10th___ day of ____June____, 2016.

. . . . . . . . . . .

ANN M. GRABER, Atty, Reg. No. 0091731, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEAL, Atty. Reg. No. 0078510, 2541 Shiloh Springs Road, Dayton, Ohio 45426
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Garrett D. Smith appeals from his conviction and sentence for one count of rape (force), in violation of R.C. 2907.02(A)(2), a felony of the first degree, and one count of gross sexual imposition (victim less than thirteen years of age) (GSI), in violation of R.C. 2907.05(A)(4), a felony of the third degree.   Smith filed a

timely notice of appeal with this Court on June 30, 2015.

{¶ 2} On September 18, 2013, Smith was indicted for one count of rape (victim less than ten years of age), in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. At his arraignment on March 4, 2014, Smith stood mute, and the trial court entered a plea of not guilty on his behalf. On March 18, 2014, Smith filed a waiver of speedy trial time.

{¶ 3} On April 14, 2014, Smith filed a motion requesting a competency evaluation. On May 21, 2014, the parties stipulated to the contents of the contents of the psychiatric report prepared by Forensic Psychiatry for Western Ohio. The trial court found Smith competent to stand trial.

{¶ 4} Smith also filed a motion to suppress in which he argued that any statements he made to police were the fruits of an illegal arrest, involuntary, and made without an effective waiver of his constitutional rights. A hearing was held on said motion on August 5 and August 26, 2014. On August 26, 2014, the trial court overruled Smith's motion to suppress in an oral pronouncement but failed to make any findings of facts, only conclusions of law. The trial court journalized its denial of Smith's motion to suppress on September 4, 2014. Thereafter, Smith's case was transferred to another judge.

{¶ 5} At a hearing on March 31, 2015, the newly assigned trial judge made the requisite findings of fact after examining the exhibits and reviewing the video recording of the hearing on the motion to suppress. Smith objected and requested that a new suppression hearing be held. The trial court overruled Smith's objection and made its findings of fact, overruling his motion to suppress in an entry journalized on March 31, 2015.

{¶ 6} On June 2, 2015, Smith pled guilty by way of bill of information to one count of rape (force), and one count of GSI. Pursuant to the parties' negotiated plea agreement, the State dismissed the indictment and agreed to a sentencing range of twelve to fifteen years in prison. The trial court accepted Smith's plea and entered guilty findings on both counts. The trial court also ordered the adult probation department to prepare a pre-sentence investigation report (PSI).

{¶ 7} On June 24, 2015, the trial court sentenced Smith to a mandatory eleven year term for the rape and four years for the GSI. The trial court ordered that the sentences be served consecutively for an aggregate prison term of fifteen years.

{¶ 8} It is from this judgment that Smith now appeals.

{¶ 9} Smith's first assignment of error is as follows:

{¶ 10} "MR. SMITH DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE HIS RIGHTS WHEN HE ENTERED A PLEA BECAUSE HE LACKED THE CAPACITY TO ENTER A PLEA."

{¶ 11} In his first assignment, Smith contends that his guilty pleas were not valid "because his diminished capacity made it impossible for him to knowingly, intelligently and voluntarily enter a guilty plea." Specifically, Smith argues that he suffered from a diagnosis of anxiety and depression which rendered him unable to comprehend the nature and effect of the guilty pleas that he entered. Smith notes that his mental issues were significant enough that his trial counsel filed a motion for a competency evaluation.

{¶ 12} An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily. *State v. Russell,* 2d Dist. Montgomery No. 25132, 2012–Ohio–6051, ¶ 7.

"If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown,* 2d Dist. Montgomery Nos. 24520 and 24705, 2012–Ohio–199, ¶ 13, citing *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *Brown* at ¶ 13.

{¶ 13} Crim.R. 11(C)(2) requires the court to address the defendant *personally* and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the State to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. *State v. Brown,* 2d Dist. Montgomery No. 21896, 2007–Ohio–6675, ¶ 3.

{¶ 14} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the

implications of his plea and the rights he is waiving." *Id.*  In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 15} At the plea hearing, the following exchange occurred between the trial court and Smith:

Trial Court: Okay, And just I need to make sure that you answer out loud, all right.   Sir, are you a U.S. citizen?

Smith: Yes, ma'am.

Q: How old are you?

A: Twenty-six.

Q: How far did you go in school?

A: College.

Q: *Were you able to read and understand the waivers of indictment, waiver of one-day service, and the two plea forms that [defense counsel] went over with you?*

A: *Yes, ma'am.*

Q: Do you have any questions about those documents?

A: No.

Q: *Sir, are you currently under the influence of any drug, alcohol, or medication?*

A: *No.*

Q: *Do you have any mental or physical difficulty that would make it hard for you to understand what we're doing today?*

A: No.

***

Q: *** Sir, there's certain rights that you're waiving by entering pleas to these two counts by bill of information today. First of all, you have the right to have these two charges presented to the grand jury.

It's my understanding that you were served with bills of information outside of the courtroom. You also have the right to have those bills of information for twenty-four hours before you act on them or do anything including entering any pleas. However, by entering your pleas today do you understand that you're waiving your right to have these two charges indicted and waiving one-day service.

A: Yes.

Q: Sir, if you want to waive your right to have these two charges indicted and waive one-day service, if you'll sign there at the bottom. It's my understanding – I should have also mentioned that it's my understanding that upon a plea to these two counts the State will dismiss the indicted counts, correct?

The State: Correct, Your Honor.

Trial Court: And I know that's what [defense counsel] understood, but I should have mentioned that and I apologize. Did you understand that, sir?

Smith: Yes, ma'am.

Q: *** And the record will reflect that the Defendant and his Counsel have signed the waiver of indictment and waiver of one-day service. And the

Court will find the Defendant has made a knowing, intelligent, and voluntary waiver of those rights.

{¶ 16} At this point in the colloquy, we note that the trial court identified the offenses to which Smith was pleading guilty, rape by force and GSI. The trial court also explained the possible sentencing range for each offense, as well as the potential financial sanctions that could be imposed. The trial court specifically informed Smith that he would be subject to a mandatory prison term for the rape offense. The trial court informed Smith that upon release from prison, he would be subject to a mandatory period of five years of post-release control. The trial court also explained to Smith the effect of violating his post-release control. Lastly, the trial court informed Smith of the registration requirements for the sexually oriented offenses to which he was pleading guilty. At no point did Smith express any confusion regarding the information that the trial court was explaining to him. In fact, whenever he was prompted, Smith stated that he understood all of the information that the trial court was explaining to him regarding the effect of his guilty pleas.

{¶ 17} Thereafter, the following exchange occurred:

Trial Court: All right. Sir, do you understand that the effect of your guilty pleas today are a complete admission of your guilt as to these charges by bill of information *and you're giving up your right to appeal any pretrial rulings?*

Smith: *Yes.*

Q: Do you also understand that upon accepting your guilty pleas today the Court will proceed to a judgment of guilty and set sentencing for *** June 16

[2015]?

A: Yes.

Q: All right. And it's my understanding the Defendant is withdrawing any pending motions under the circumstances.

\*\*\*

Defense Counsel: Yes, Your Honor.

Trial Court: Sir, you have Constitutional rights that you're waiving as a result of your plea today. You have the right to trial by jury of twelve persons. At that trial, the prosecutor would be required to prove your guilt beyond a reasonable doubt to all of those jurors. You have the right to confront in open court the witnesses who are against you and to have your attorney cross-examine those witnesses under oath. You have the right to have the Court order witnesses who are in your favor to appear at your trial and testify even if they don't want to.

Also, at your trial, you cannot be forced to take the witness stand and testify against yourself. The fact you chose not to testify cannot be used against you. Do you understand those rights?

Smith: Yes, ma'am.

Q: Do you understand that by entering your plea today you're giving up those rights?

A: Yes, ma'am.

\*\*\*

Defense Counsel: The only other thing, Your Honor, is just for the record

and if I can, [Smith] has a history of suicide attempts and some mental problems. *Early on in this case I did file competency. He did come back competent. That's not an issue with me, at least, but just for the record, I just want to make clear that* [Smith] *understands everything that you just explained to him.*

Trial Court: All right.

Smith: Yes, ma'am.

Trial Court: *Do you have any difficulty understanding, Mr. Smith?*

Smith: No, ma'am.

\*\*\*

Trial Court: All right. *And let me ask,* [Defense Counsel], *for the record. Have you seen any negative change in your communication – I don't know how else to put it – with Mr. Smith that might cause you to believe currently that there's any issue with his competency?*

Defense Counsel: *No, Your Honor. I've been on this case from the beginning and I've not seen any problems. I know he's emotional.*

Trial Court: That's understandable, completely understandable.

Defense Counsel: *I don't believe there's any disability at this point.*

\*\*\*

Trial Court: Have you had an opportunity to talk with [Defense Counsel] about these two charges including what the Prosecutor would have to prove in order for you to be found guilty of these offenses as well as any additional motions you could file and any defenses there may be to these charges?

Smith: Yes.

Q: Do you have any questions for [Defense Counsel] or me?

A: No.

Q: Have you had enough time to consider this, not only the plea offer, but your plea today?

A: Yes.

Q: All right. And are you satisfied with [Defense Counsel]'s representation?

A: Very.

Q: *** Are you entering your plea today voluntarily meaning is that what you want to do today?

A: Yes.

{¶ 18} The trial court informed Smith of the facts underlying the charges against him, the maximum sentence that he faced, and the constitutional rights that he waived by foregoing a trial. Prior to accepting the plea, the trial court asked Smith whether he understood what he was doing, whether he was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement, and whether he wanted the court to accept the plea. Smith responded to all of these questions in the affirmative. Smith acknowledged that he had discussed his case with his attorney, including the elements of the offenses with which he was charged and his potential defenses. Smith stated that his attorney had gone over the plea forms with him and that he was satisfied with his attorney's representation. Significantly, the trial court also informed Smith that by pleading guilty, he waived the right to appeal the court's disposition

with respect to any of his pre-trial motions, including his motions to suppress.

{¶ 19} Finally, the trial court did its best to insure that Smith did not have any emotional or mental issues that were hindering his ability to understand the nature of the plea proceedings. The trial court made inquiries of both Smith and defense counsel regarding whether any competency issues existed that would render his plea less than knowing, intelligent, and voluntary. Both Smith and his counsel responded that no such issues existed. We also note that Smith had been found competent to stand trial earlier in the proceedings after his counsel filed a motion for a competency evaluation. Accordingly, the record demonstrates that Smith was competent to enter guilty pleas to the offenses for which he was charged. Upon review, we conclude that the record reflects that Smith knowingly, intelligently, and voluntarily entered into the plea agreement.

{¶ 20} Smith's first assignment of error is overruled.

{¶ 21} Smith's second assignment of error is as follows:

{¶ 22} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED MR. SMITH'S RIGHTS WHEN IT ENTERED ITS FINDINGS OF FACT FOLLOWING THE MOTION TO SUPPRESS HEARING WITHOUT HAVING PRESIDED OVER THE HEARING."

{¶ 23} In his second and final assignment, Smith argues that the trial court erred when it entered findings of fact following the motion to suppress hearing without having presided over the hearing. Smith also asserts that if we find that his guilty pleas were knowingly, intelligently, and voluntarily made, then the trial court's decision overruling his motion to suppress constituted plain error.

**{¶ 24}** We have held that a guilty plea waives a claim that the trial court errs when it denies a motion to suppress evidence. *State v. Brookins*, 2d Dist. Montgomery No. 20325, 2004-Ohio-6676; *Huber Heights v. Duty*, 27 Ohio App.3d 244, 500 N.E.2d 339 (2d Dist.1985). A plea of guilty waives all appealable errors that may have occurred during the trial, unless such errors precluded Defendant from knowingly and voluntarily entering his guilty plea. *State v. Frost*, 2d Dist. Clark No. 06CA0083, 2008-Ohio-1869, ¶ 8; *State v. Montgomery,* 2d Dist. Montgomery No. 21508, 2007-Ohio-439, ¶ 19. Smith makes no such claim in this case. Therefore, Smith's guilty pleas waive the error he now assigns on appeal as it relates to the findings of fact entered by the second trial judge.

**{¶ 25}** Smith's second assignment of error is overruled.

**{¶ 26}** Both of Smith's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Ann M. Graber
Christopher A. Deal
Hon. Mary Katherine Huffman