[Cite as *State v. Lyons*, 2020-Ohio-823.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-822 |
| | : | |
| CHRISTOPHER R. LYONS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of March, 2020.

. . . . . . . . . . .

MARCY VONDERWELL, Atty. Reg. No. 0078311, Greene County Prosecutor's Office, Appellate Division, 31 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Christopher Lyons pled guilty in the Greene County Court of Common Pleas to one count of aggravated robbery, a felony of the first degree. As part of the plea agreement, the parties agreed to a five-year sentence if Lyons truthfully testified, if required, in his co-defendants' cases. After Lyons failed to testify, Lyons moved to withdraw his plea. The trial court denied the motion and sentenced him to seven years in prison. Lyons appeals from his conviction, challenging the denial of the motion to withdraw his plea and his sentence. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} According to the bill of particulars, on October 9, 2018, Lyons and several other individuals, including people with the surnames of Decosta, Ball and Reynolds,[1] went to an apartment in Fairborn to rob the resident. After the resident arrived at the apartment, Decosta came from the kitchen area and demanded money while holding a firearm. Decosta told the resident that he would be shot if he did not empty his pockets. The resident refused, and Decosta struck him in the face five to six times with the firearm. Lyons, Ball, and Reynolds assisted Decosta in subduing the victim and taking his property; Lyons placed the victim in a "stronghold." Lyons and the others then fled from the apartment. The victim suffered a concussion, required stitches for his head wounds, and has had kidney issues as a result of the assault. The police later recovered the firearm from Reynolds.

{¶ 3} Ten days later, Lyons was indicted for aggravated robbery in violation of R.C.

---

[1] The sentencing hearing transcript references the trial of Jordan Young, who apparently was another participant in the robbery. The bill of particulars does not mention Young.

2911.01(A)(1), and aggravated robbery in violation of R.C. 2911.01(A)(3), both felonies of the first degree. Lyons subsequently moved to suppress an eyewitness identification of him from a photo array. The court conducted a hearing on the motion on December 31, 2018, following which it denied the motion to suppress.

{¶ 4} The court scheduled a jury trial for February 4, 2019. However, on January 31, 2019, Lyons pled guilty to aggravated robbery in violation of R.C. 2911.01(A)(1). The Plea Agreement Report, signed by both parties, identified the negotiated plea as:

> In consideration for Defendant's guilty plea to Count 1, the State dismisses Count 2. Defendant will truthfully testify, if required, in the matter of any co-defendants. In return, the State and Defendant will stipulate to a 5 year prison sentence without IPP, TC or JR. Defendant understands that the State is not bound by this stipulation if he fails to truthfully testify, if required. Defendant agrees to pay restitution of $37,171.39.

{¶ 5} After reading the terms of the plea during the trial court's Crim.R. 11 colloquy, the court informed Lyons that, "assuming the conditions have been met in this case," it would agree to impose the five-year prison sentence. Lyons told the court that he understood the conditions for receiving the five-year sentence. The court further told Lyons that if Lyons failed to testify truthfully, the court would still impose a prison term, but that term could be five years, less than five years, or more than five years with a maximum possible sentence of 11 years. Lyons again expressed his understanding. The court accepted Lyons's guilty plea but delayed sentencing while his co-defendants' cases were pending. The court ultimately scheduled disposition for April 24, 2019.

{¶ 6} On April 19, 2019, Lyons moved to withdraw his plea. In his motion, Lyons

acknowledged that his plea agreement included a requirement that he "truthfully testify, if required, in the matter of any co-defendant." The motion stated: "Mr. Lyons suggests that had [sic] he cannot, in good conscious [sic], uphold that agreement." The trial court addressed the motion at sentencing, concluding that Lyons presented no basis for withdrawing his plea, even when considered under the liberal presentence standard of review. The trial court then imposed seven years in prison and ordered Lyons to pay restitution in the amount of $37,717.39, jointly and severally with his co-defendants, plus court costs.

{¶ 7} Lyons appeals from his conviction, raising four assignments of error.

## II. Lyons's Motion to Withdraw Plea

{¶ 8} In his first assignment of error, Lyons claims that the trial court erred in overruling his motion to withdraw his plea, because he did not make his plea knowingly, intelligently, and voluntarily. Specifically, Lyons asserts that he did not realize that he would need to testify as part of his plea and thus he "had no idea what the plea arrangement actually was for." (Appellant's Brief, p. 6.) His second assignment claims that the trial court abused its discretion in denying his motion to withdraw his plea.

{¶ 9} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under Crim.R. 32.1, a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 10} Even before sentencing, "the right to withdraw a plea is not absolute and a

trial court retains discretion to overrule a pre-sentence plea-withdrawal motion." *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 7. After conducting a hearing on such a motion, "the trial court must 'determine whether [the defendant] has a reasonable and legitimate basis' for the withdrawal, rather than '[a] mere change of heart.' " *State v. Bush*, 2d Dist. Clark No. 2018-CA-13, 2018-Ohio-5272, ¶ 10, quoting *Xie* at 527.

{¶ 11} In reviewing a trial court's decision on a defendant's motion to withdraw his or her plea filed before sentencing, we apply the following nine factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea. *E.g., State v. Becraft*, 2017-Ohio-1464, 89 N.E.3d 218 (2d Dist.); *State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29.

{¶ 12} "In considering these factors, the trial court employs a balancing test; no single factor is dispositive." *Warrix* at ¶ 30, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.*, quoting *Xie* at 527. A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his or her plea.

*State v. Maddickes*, 2d Dist. Clark No. 2013 CA 7, 2013-Ohio-4510, ¶ 15.   However, in considering whether to allow withdrawal of the plea, it is not simply sufficient for the trial court to find that the Crim.R. 11 colloquy satisfied the requirements of that Rule and the United States and Ohio Constitutions; if it were, even a presentence plea could never be withdrawn. *Id.*

{¶ 13} It is within the sound discretion of the trial court to grant or deny a motion to withdraw a plea. *Xie* at 526.   We will not reverse a trial court's decision to deny a motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.* at 527, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 14} At the outset, we have reviewed the transcript of the plea hearing, and the trial court fully complied with its obligations under Crim.R. 11.   The trial court reviewed with Lyons the offense to which he was pleading guilty, the maximum penalty he faced, the effect of a guilty plea, and the constitutional rights that he was waiving by entering his plea.   The trial court also discussed the plea agreement with Lyons.   The court read the Plea Agreement Report verbatim and asked Lyons, "What I just read, is that your understanding of the position of the Prosecuting Attorney in this case?"   Lyons responded, "Yes, sir."   After discussing the restitution portion of the plea agreement, the court returned to the agreed prison sentence:

THE COURT:   All right.   I will indicate to you that assuming the conditions have been met in this case, that I will agree to impose the five-year prison sentence, all right?   So I'll just tell you that right now.

DEFENDANT CHRISTOPHER LYONS:   Thank you, sir.

THE COURT:   And you know what the conditions are for that?

DEFENDANT CHRISTOPHER LYONS: Yes.

THE COURT: Because I will do so, do you understand that you'll not be considered for Community Control in this case, and while you can appeal anything else that's been done in your case, the one thing you could not appeal would be the agreed upon five-year sentence; do you understand that?

DEFENDANT CHRISTOPHER LYONS: Yes.

THE COURT: Okay. If for any reason – I guess I should probably let you know about this – if for any reason you failed to testify truthfully, I could still impose a five-year prison sentence, but I would not be bound by that. I could give you less or give you more. Do you understand that?

DEFENDANT CHRISTOPHER LYONS: Yes, sir.

THE COURT: Because the maximum sentence you could receive is 11 years. And I also want you to know in fairness to you there is a presumption of prison in this case, so if everything works out the way everybody wants it, I will give the five-year prison sentence; but I also want you to know that if there's not an agreement to be made, in fairness to you, I will still be imposing a prison sentence. In other words, I just want to let you know before we resolve this plea, you're not getting Community Control in this case; do you understand that?

DEFENDANT CHRISTOPHER LYONS: Yes, sir.

(Plea Tr. at 14-15.)

{¶ 15} At sentencing, defense counsel told the trial court that "we did file a Motion

to Withdraw the Plea. I believe that the – Mr. Lyons did enter into a plea agreement, which requested that he did testify, would testify truthfully. He chose not to do that." (Sentencing Tr. at 3.) Counsel continued: "He indicates that he did not want to do that, that he did not know that he was going to need to do that, and as a result of that, he would like to withdrawal [sic] his plea." *Id.* When asked to clarify the motion, defense counsel stated, "* * * I think Mr. Lyons's argument is, that he did not realize that part of his plea agreement was for him to testify or have that option to testify, and the benefit that would come with that[.]" *Id.* at 4.

{¶ 16} The trial court then asked defense counsel the reason why Lyons's plea should be withdrawn. When defense counsel stated that he could not add anything more to what he had already said, the court asked the same question of Lyons. Lyons stated that he "took the five years" because he was "worried." The court then discussed the terms of the plea deal with Lyons:

THE COURT: Well, did the plea agreement not say if you testify truthfully, you'd get five years?

DEFENDANT CHRISTOPHER LYONS: No. It said that I would have to – on being – testifying as well, being – I don't know how to say it.

THE COURT: Well, let me, let me go to the plea form. I have it in the file here. Let me go look it up here. Now, the Plea Agreement Report says, the Defendant will testify truthfully, if required, in the matter of any Co-Defendants. In return, the State and the Defendant will stipulate to a five-year prison sentence. So do you believe that there was a condition to your getting five years? Or you had to do something to get five years?

DEFENDANT CHRISTOPHER LYONS: Yes, sir.

THE COURT: Well, what was that?

DEFENDANT CHRISTOPHER LYONS: To testify on my Co-Defendant's behalf.

THE COURT: Okay. So you struck a contract with the State to say, if I testify, I'll get five years.

DEFENDANT CHRISTOPHER LYONS: Yes.

THE COURT: Okay. And you're saying – obviously, you didn't testify, and that's okay. Where, where are we with the five years right now?

DEFENDANT CHRISTOPHER LYONS: Well, another thing that I was adding on to there was that I was also worried about getting more than five years going to trial if I so happened to have lost.

THE COURT: A whole lot of people plead guilty because they don't want to get a lot of years.

DEFENDANT CHRISTOPHER LYONS: Yes.

* * *

THE COURT: And you pled guilty, and – well, I guess, Mr. Lyons, I think I kind of understand where you're coming from. Unfortunately, I guess we have to kind of put this in two parts. Part one is, you pled guilty with the understanding you might get five years if you testify, okay? That was really the only thing between three and eleven years that was ever put down in writing that you could get five years if you testified. It went on to say – I didn't read this – but it went on to say in the Plea Agreement Report, the

Defendant understands that the State is not bound by this stipulation if he fails to truthfully testify, which means that you had a choice. No one was saying you had to testify; but if you didn't testify, the State wasn't going to be part of a five-year stipulation; okay? So we're kind of there.

Now, setting that aside, maybe – and I don't mean to put words in your mouth, but I think you're just saying in effect, I didn't want – I was pleading guilty anticipating I wouldn't get more than five years; and since I think I might get more than five years, I want to withdrawal [sic] my plea. Am I incorrect or am I close or where am I on this into what you're thinking?

DEFENDANT CHRISTOPHER LYONS: Yes.

{¶ 17} In overruling Lyons's motion to withdraw his plea, the trial court told Lyons that he had made an agreement with the State that he would get five-years in prison if he testified truthfully, and while he was not required to testify, he was not entitled to receive the benefit of that bargain if he did not. The court further stated that, given that Lyons had elected not to testify, it "appreciate[ed] [his] desire not to get a serious sentence." The court explained, however, that "there has to be incentives for people to testify," and there likewise needs to be a consequence if people decide not to testify. The court continued:

Unfortunately, too many people I think hear what they want to hear, and they don't listen to everything else; and you heard five years, and okay. The life was good. But you didn't hear that I told you you could get eleven. I didn't promise you you'd get five. You didn't hear you had to testify to get your five. You're kind of in that situation.

The court concluded that, even under a liberal presence standard for reviewing a motion to withdraw a plea, it had not "received a reason" to justify the withdrawal of Lyons's plea.

{¶ 18} We find no fault with the trial court's denial of Lyons's motion to withdraw his plea. In this case, the plea agreement between the parties provided for a five-year sentence if Lyons testified during any co-defendants' case and for no agreed sentence if he did not. The trial court discussed the plea agreement with Lyons at the plea hearing, and the court reasonably concluded that Lyons entered his plea with the understanding that he would receive five years in prison if he testified in his co-defendants' cases and that he faced additional prison time if he elected not to testify. At the hearing on Lyons's motion to withdraw his plea, Lyons made a confusing statement about believing that he had to testify on his co-defendant's behalf. However, Lyons further confirmed that he understood that the plea agreement with the State included that he testify truthfully, if required, in order to receive the five-year sentence. The trial court could have reasonably concluded that Lyons's stated confusion about on whose behalf he had to testify did not render his plea other than knowing, intelligent, and voluntary.

{¶ 19} In discussing Lyons's plea at the hearing on Lyons's motion to withdraw his plea, the trial court told Lyons that he apparently "didn't hear that I told you you could get eleven" years in prison. In our view, this statement does not reflect a finding that Lyons's plea was not made knowingly, intelligently, and voluntarily. Rather, this statement simply reflected the court's understanding that, at the time of the plea, Lyons perhaps discounted the possibility that he might get more than five years in prison, given the terms of the plea and that fact that Lyons had not yet been asked to testify. Based on the record before

us, Lyons's plea was made knowingly, intelligently, and voluntarily.

{¶ 20} Moreover, we cannot conclude that the trial court abused its discretion in denying Lyons's motion to withdraw his plea. Lyons was represented by highly competent counsel, and he received a full Crim.R. 11 hearing before entering his guilty plea. There is no suggestion that Lyons failed to understand the aggravated robbery charge and the possible penalties he faced, or that Lyons was not guilty or had a complete defense to the charge.

{¶ 21} Lyons claims that he was denied a full and impartial hearing on the motion, because he was not given an opportunity to present witnesses or evidence. However, the court provided Lyons and his defense counsel the opportunity to fully explain their reasons for Lyons's motion. Lyons expressed that he sought to withdraw his plea based on his understanding of the plea agreement and his desire not to receive a lengthy sentence. There is no suggestion that Lyons had any potential witnesses or evidence relevant to his reasons for seeking to withdraw his guilty plea, and neither defense counsel nor Lyons requested an opportunity to present evidence or witnesses. *Contrast State v. Bush*, 2d Dist. Clark Nos. 2015-CA-39, 2015-CA-40, 2015-CA-41, & 2015-CA-42, 2016-Ohio-5536 (The trial court abused its discretion in failing to hold an evidentiary hearing on defendant's motion to withdraw his plea where the motion was based on the alleged recantation of a victim and the defendant indicated he had documentary evidence to support his motion).

{¶ 22} Lyons further asserts that the trial court failed to give full and fair consideration to his motion. He argues, "It is evident from a review of the records [sic], that the decision of the Court had already been made." We disagree. The trial court

spoke with both defense counsel and Lyons in an effort to discern if there were any reason that might justify the withdrawal of Lyons's plea. The trial court's lengthy exchange with Lyons evidenced a diligent inquiry into whether Lyons's request was based on a change of heart or mistaken belief about the plea, or whether there was an additional "reasonable and legitimate basis for the withdrawal of the plea," *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715.

{¶ 23} Lyons's motion was made prior to sentencing, and there was no indication that the State would have been prejudiced by the withdrawal of his plea. Nevertheless, Lyons failed to present a reason for withdrawing his plea other than an apparent change of heart or misunderstanding about his plea. Having failed to testify in a matter of a co-defendant, Lyons apparently was unhappy that he no longer was guaranteed a five-year sentence. The plea agreement between the parties specifically provided that the State would not be bound by the five-year stipulated sentence if Lyons failed to testify, and the trial court explained that it could impose any sentence within the statutory range for a first-degree felony (three to eleven years) if Lyons failed to testify. The court reasonably concluded that Lyons's desire to receive a five-year sentence, despite his failure to testify, did not justify the withdrawal of his plea.

{¶ 24} Lyons's first and second assignments of error are overruled.

### III. Lyons's Sentence

{¶ 25} In his third assignment of error, Lyons claims that the trial court erred by not sentencing him to five years in prison in accordance with the stipulated sentence. Lyons claims that there was no evidence that Lyons failed to satisfy the conditions for the stipulated sentence, and therefore the trial court erred in failing to impose the five-year

sentence.

{¶ 26} Lyons presents two reasons for why he was entitled to receive the stipulated five-year sentence. First, he argues that the record does not establish that he was asked to testify, but failed to do so. Second, he argues that, even if he failed to testify as requested by the State, his testimony was not "required" because each of his co-defendants was convicted without his testimony.

{¶ 27} The record does not explicitly state that the State subpoenaed Lyons to testify in any of his co-defendants' cases and that Lyons either refused to testify or testified untruthfully. Nevertheless, Lyons's motion to withdraw his plea acknowledged the plea condition that "Defendant will truthfully testify, if required, in the matter of any co-defendants" and further stated, "Mr. Lyons suggests that had [sic] he cannot, in good conscious [sic], uphold that agreement." During the hearing on the motion, defense counsel again recognized that the plea agreement included a provision that Lyons testify truthfully, and that Lyons "chose not to do that." In its subsequent discussion with Lyons, the trial court repeatedly indicated that Lyons did not testify; neither Lyons, defense counsel, nor the prosecutor contradicted those statements, and there is no indication that the court misunderstood Lyons's actions with respect to his co-defendants' cases. Based on the record, the trial court reasonably concluded that Lyons failed to comply with the condition in his plea agreement related to the stipulated sentence.

{¶ 28} We are unpersuaded by Lyons's argument that he did not fail to testify truthfully "as required" because his co-defendants were convicted without his testimony. The record does not detail the outcomes of Lyons's co-defendants' cases. Regardless, a plain reading of the plea agreement indicates that the State stipulated to a five-year

prison sentence if Lyons testified truthfully in his co-defendants' cases if Lyons were required *to testify*, not if Lyons's testimony were required for his co-defendants' convictions.

**{¶ 29}** The parties stipulated that Lyons would receive a five-year prison sentence if he met the condition that he "truthfully testify, if required, in the matter of any co-defendants"; the trial court stated at the plea hearing that it would sentence Lyons in accordance with the parties' agreement. The plea agreement further provided that the State would not be bound by the stipulation if Lyons failed to meet that condition, and the court made clear that any failure to meet that condition would result in a prison sentence within the sentencing range for a first-degree felony, with a possible maximum sentence of 11 years in prison. Once Lyons failed to meet the condition for a five-year prison sentence, the court's imposition of the seven-year sentence, as requested by the State at sentencing, was permitted by the plea agreement.

**{¶ 30}** Lyons's third assignment of error is overruled.

### IV. Motion to Suppress

**{¶ 31}** In his fourth assignment of error, Lyons claims that the trial court erred in denying his motion to suppress. Appellate counsel states that he believes the argument to be without merit, but indicates that he has included it at Lyons's request. Appellate counsel asks us to examine the issue "in a similar nature to the review provided in [an] *Anders* [*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)] situation."

**{¶ 32}** This court has disapproved the filing of "partial *Anders* briefs." A brief pursuant to *Anders* is "appropriate when appellate counsel has conscientiously concluded that there are no issues to be raised that merit consideration by the appellate court. *Id*.

If appellate counsel determines there are any issues warranting appellate review, even if there is only one, discussion of non-meritorious issues is neither appropriate nor desirable." *State v. Padgett*, 2d Dist. Greene No. 99 CA 87, 2000 WL 873218, *2 (June 30, 2000). In the absence of an *Anders* brief, it is not the role of an appellate court to independently review the record for additional potential errors. *See State v. Powell*, 2d Dist. Montgomery No. 27951, 2018-Ohio-4693, ¶ 43. Accordingly, we decline to review whether the trial court erred in denying Lyons's motion to suppress. Regardless, because Lyons's guilty plea constituted a complete admission of guilt, his guilty plea waived any error in the trial court's ruling on his motion to suppress. *E.g., State v. Smith*, 2d Dist. Montgomery No. 26746, 2016-Ohio-3361, ¶ 24.

{¶ 33} Lyons's fourth assignment of error is overruled.

### V. Conclusion

{¶ 34} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Marcy Vonderwell
Brent E. Rambo
Hon. Stephen Wolaver